UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| Donald Brinkley, | ) | |
|---|---|---|
| | ) | C/A No.: 3:08-cv-3427-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before this Court is Defendant's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). Defendant requests this Court to amend its June 11, 2010 Order awarding attorney fees and expenses under the Equal Access to Justice Act (EAJA), to provide that the fees and expenses are payable to Plaintiff rather than his attorney. For the reasons discussed herein, Defendant's motion is GRANTED.

**Background**

This Court issued an Order and Judgment on February 19, 2010, reversing Defendant's decision denying Plaintiff's application for disability insurance benefits and supplemental security income. Plaintiff subsequently moved for attorneys fees and expenses under EAJA and the parties stipulated to an award of EAJA fees. This Court granted the motion, and awarded the fees, based on the stipulation, to the Plaintiff's attorney, not the Plaintiff. In the present

motion, the Commissioner requests that this Court modify the June 11, 2010 Order and award the EAJA fees to the Plaintiff.

**Discussion**

Under Federal Rule of Civil Procedure 59(e), courts have consistently recognized three bases for amending a judgment: (1) to accommodate an intervening change in the law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See Hutchinson v. Staton*, 994 F.2d 1076 (4th Cir. 1993). Defendant does not argue that any new evidence has been presented; Defendant argues that the recent Supreme Court decision in *Astrue v. Ratliff*, 560 U.S. ___, 2010 WL 2346547 (June 14, 2010), represents an intervening change in controlling law. In response, Plaintiff argues that no intervening change in controlling law has occurred because *Ratliff*, which cleared a dispute between the circuits on how to handle the issue, was issued after this Court issued its Order regarding the Plaintiff's motion for EAJA fees. (Pl's Resp. at 6.) Plaintiff also argues that Rule 59(e) does not apply in this situation, as Rule 59(e) "only allows relief from final judgments." (Pl's Resp. at 7.)

As a threshold matter, Plaintiff is incorrect in his argument that a Rule 59(e) motion is inapplicable in this case. The term judgment includes "any order from which an appeal lies." Fed. R. Civ. Pro. 54(a). This Court's June 11, 2010 Order falls within this definition of judgment because, as an order granting a sum

certain in EAJA fees, it was separate from the decision on the merits and therefore, separately appealable.

The crux of the matter revolves around whether Defendant has met any of the bases to satisfy a Rule 59(e) motion. The *Ratliff* decision makes clear that an EAJA award is payable to the litigant, not his attorney, and is subject to offset to satisfy a pre-existing debt that the litigant owes the United States. *See Ratliff*, 2010 WL 2346547, at *3. *Ratliff* resolves a split amongst the circuits regarding to whom EAJA awards should be paid: the litigant or the litigant's attorney. Plaintiff argues that the case is not an intervening change in controlling law because the United States Supreme Court case came after the Court's order. This Court disagrees.

While Plaintiff is correct that the Court's order, when it was written, was correct in its determination of who to award EAJA fees to, that does not mean that a Rule 59(e) motion must be denied. The *Ratliff* decision has cleared any doubt over who should receive an EAJA award. Whereas before *Ratliff*, a split amongst the circuits existed and the controlling law would be based upon specific circuits viewpoints, the controlling law is that EAJA awards are now to be paid to the litigant and offset by any pre-existing debt. While Plaintiff advances other reasons why a Rule 59(e) motion should be denied, this Court does not need to address them as Defendant has met one of the three possible bases for granting a Rule 59(e) motion.

IT IS THEREFORE ORDERED that Defendant's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) is GRANTED.

**IT IS SO ORDERED.**

_____
G. Ross Anderson, Jr.
Senior United States District Judge

August  9 , 2010
Anderson, South Carolina